IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEONARD ENGLISH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 26-0495-KD-MU |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On October 21, 2026, Plaintiff Leonard English, Jr., filed a *pro se* Complaint against Defendant United States of America and a Motion to Proceed Without Prepayment of Fees, both of which have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72(a)(2)(S) for appropriate action. (Docs. 1 and 2). For the reasons set forth below, the Court grants Plaintiff's Motion to Proceed Without Prepayment of Fees.

Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997). Even so, "proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The Eleventh Circuit has held that an affidavit of poverty "should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id. (*citing *Adkins*, 335 U.S. at 339). "[T]he statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id*. (citing *Adkins*, 335 U.S. at 339-40).

Based on the financial information provided by Plaintiff in his motion, the Court finds that he is unable to pay the costs of commencing this action. Accordingly, Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is hereby **GRANTED**.

The Clerk of Court is **DIRECTED** to withhold service of the complaint until otherwise ordered to allow for review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DONE** and **ORDERED** this the **29th** day of **October, 2026**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**